IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR125** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JESSE JAMES JURA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 53, 54). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

Both parties object to the quantity of controlled substance attributable to the Defendant in ¶26 and the base offense level. The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) requires a base offense level of 26, based on an agreement that the Defendant should be held responsible for at least 50 but less than 200 grams methamphetamine. The PSR states that the Defendant is responsible for a marijuana equivalent of 554.7 kilograms of marijuana, requiring a base offense level of 28. The Court's tentative findings are that, absent unusual circumstances, the Rule 11(c)(1)(C) plea agreement should be upheld and the base offense level should be calculated as level 26. Tentatively, the objections to the drug quantity and base offense level are granted.

Both parties also object to the PSR because it does not allow a downward adjustment for the safety valve. The government has represented that the Defendant has

met all criteria, i.e. the fifth prong. The Court's tentative finding is that the objections to the lack of an adjustment for the safety valve are granted.

The Defendant objects to ¶¶ 46 and 59. Specifically, the objections are to the information included with respect to gang affiliation and tattoos. As this information does not affect the guideline calculation and is useful to the Bureau of Prisons for identification and other purposes, the objections are denied.

IT IS ORDERED:

1. The Court's tentative findings are that the government's objections (Filing No. 53) to the PSR are granted;

2. The Court's tentative findings are that the Defendant's objections (Filing No. 54) to the PSR are granted in part and denied in part as stated above;

3. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

4. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final;

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 15th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge